THE N. C. GOLD AMALGAMATING COMPANY *v.* THE N. C. ORE DRESSING COMPANY.

A party who purchases land must in general look to his vendor alone for a title; and in the absence of a warranty and of fraud, the doctrine of *caveat emptor* applies between the vendor and vendee. *Therefore,* where A, a corporation, purchased from B, land sold under a mortgage, and on the same day mortgaged the land to C: *Held,* that the fact that D. claimed title to the land, and had brought an action to assert that title, was not sufficient ground for an injunction against C, restraining the sale of the land under his mortgage, although A, at the time of purchasing the land, was ignorant of the claims.

Petition for an *Injunction,* tried before *Cloud, J.,* at Chambers, in Stanly county, on the 15th April, 1875.

All the facts necessary to an understanding of the case, as decided in this Court, are stated in the opinion of the Court. From the ruling of his Honor, refusing an injunction, the plaintiff appealed.

*Blackmer, Henderson* and *W. W. Fleming,* for the appellant.

*McCorkle & Bailey,* contra.

RODMAN, J. The record in this case is very voluminous, but as far as it is material to the decision of the single question presented to us, it may be reduced within a very small compass. The complaint states: on July 10th, 1874, the plaintiff purchased certain lands called Gold Hill, at a sale under a mortgage, made in favor of Roberts, Holmes and others, and also purchased the same property from Amos Howes. By whom the mortgage to Roberts and others was made, is not stated. On the same day and as part of the same transaction, the plaintiff made several mortgages on the said land, and one of them was to the defendant, Coit, to secure to him a debt of $27,690, which the plaintiff acknowledged itself to owe him. This mortgage is not made part of the complaint, although it is referred to, nor is it set out in the record. We are unable, therefore, to say whether or not it contained a power of sale. As it is complained that Coit threatens to sell, and no want of power by reason of the omission of such a power in the instrument is mentioned, we assume that it did. The only reason assigned why Coit should be restrained from selling under his mortgage is, that at the time of the purchase of the land and execution of the mortgage, a corporation called the N. C. Ore Dressing Co., had, or pretended to have, a title to, or claim upon, the lands, of which title and claim the plaintiff was ignorant; and that Company has since brought an action in assertion of their title, which is still pending. The plaintiff says that by reason of this claim, it has been embarrassed and disabled from paying its debt to Coit. But the complaint no-

where alleges any misrepresentations by Coit as to the title which the plaintiff purchased, or any duty on his part to inform the plaintiff of any defects in such title, or any facts out of which such a duty might arise. The mere fact that plaintiff purchased a doubtful title, is all that appears to be relied on to support the prayer for an injunction restraining Coit from selling under his mortgage, and this is the only relief sought in the action. It is admitted that the debt secured to Coit is due and unpaid.

We regret that the plaintiff was not represented by counsel in this Court. When a record is voluminous and stuffed with verbiage, and immaterial matters as this is, it is always to be feared that a Court which is compelled to undertake an examination of the rights of the parties as presented by it in the absence of counsel, may fail to discover something material to the case of the party. We have examined the record in the present case, and have failed to discover any ground for the relief prayed for, other than what is stated. The answers of the defendants do not contradict the complaint in any respect material to the present question. They admit the principal facts, but aver that the plaintiff, at the time of his purchase had knowledge of the claim or of some claim by the Ore Dressing Company. Putting this denial out of view, and looking at the complaint alone, we see no equitable ground for the injunction prayed for. A party who purchases land must in general look to his vendor alone for a title. In the absence of a warranty and of fraud, the doctrine of *caveat emptor* applies even as between the vendor and vendee; and it will certainly require a special case to bring in a third party, who was (so far as appears) a stranger to the sale, as a warrantor of the title. That seems to be the attempt here, without the statement of any special circumstances to except the case from the general rule. No connection is set forth between Coit and the vendors under the mortgage to Roberts and others. If such a connection existed which could be made a ground of equitable relief, it is the fault of the plaintiff that he did not

set it forth. By the plaintiff's mortgage to Coit, the plaintiff undertook and agreed that he owned the property mortgaged, and in the absence of fraud and special circumstances to control such undertaking, he is estopped to deny it, at least so as to affect Coit's rights under the mortgage. The mere ignorance of the plaintiff of an adverse claim or title to the property, even if Coit was aware of it, would not be a fraud which, as between Coit and the plaintiff, would relieve the plaintiff from this estoppel. This view of the case renders it unnecessary for us to consider either the question of fact, as to the ignorance of the plaintiff of the claims of the North Carolina Ore Dressing Company, or any legal consequences which might result if the question was determined in either way.

It also makes it unnecessary to consider the effect of the agreement between the North Carolina Ore Dressing Company and Coit, by which that Company agreed to discontinue as to him, its action against the North Carolina Amalgamating Company and other defendants, of which Coit was one. Of course the judgment in the present case concludes only the special matter decided on. It will not determine the interest which a purchaser at the sale under the mortgage to Coit will require; nor any rights between the two litigant corporations. Those rights, for aught that appears, are, or may be put, in issue, and fairly decided in the action by the *Ore Dressing Company* v. *the Amalgamating Company.* At all events, they are not in issue in this action.

Since writing the foregoing opinion, we have been furnished with a brief by plaintiff's counsel. They put the plaintiff's claim to an injunction, upon the doctrine that a Court will interfere to prevent the waste or destruction of property pending a litigation respecting it. There is no question as to the doctrine. But the first observation is, that an application for an injunction should have been made in the original action of the *Ore Dressing Co.* v. *The Amalgamating Co.*, as being merely subsiduary to the relief sought in that action. This idea might have been appropriate before, but as the point was

not taken by the defendants, we preferred putting our decision on the merits of the plaintiffs case as presented in his complaint.   For the same reason we pass it over now.

We do not see how a sale of the land by Court under his mortgage, will tend to waste or destroy the property.   His vendee, as respects his title, will stand in no better or other condition, as between him and the plaintiff, than Coit does. He will not, merely by his purchase, gain possession of the estate in controversy.   The purchase will create no *new* cloud over the title of the plaintiff.   If any exists, it was created by the plaintiff when it made the mortgage to Coit, and no equity has been shown to defeat Coit's right to sell under it.   What title a purchaser at the sale will get, we repeat, we are not called on to say.

Judgment refusing the injunction affirmed, and case remanded to be proceeded in, &c.   Let this opinion be certified.

Per Curiam.                              Judgment accordingly.