* NORTH CAROLINA GOLD AMALGAMATING COMPANY v.
   NORTH CAROLINA ORE DRESSING COMPANY.

*Practice—Injunction Bond—Reference to Ascertain Damages.*

1. It is not contemplated, under C. C. P. § 192, that a separate action
   shall be brought upon an injunction bond; the damages sustained
   by reason of the injunction shall be ascertained by proper proceed-
   ings in the same action, by reference or otherwise as the Judge shall
   direct.

2. It is not error for the Court below to direct that issues of fact, raised
   by exceptions to the report of a Referee appointed to ascertain the
   damages sustained by reason of an injunction, be submitted to a
   jury.

3. An injunction bond is not void, under C. C. P. § 192 because it spe-
   cifies no amount in which the signers to it are bound.

APPEAL from an Order made at January Special Term,
1878, of ROWAN Superior Court, by *Kerr, J.*

In the original action the plaintiff asked among other
things for an injunction to restrain the defendant from sell-
ing certain premises under the terms of a mortgage deed,
and a restraining order was granted by *Henry, J.,* with a
notice to· defendant to show cause, &c.   On the return day
the parties appeared before *Cloud, J.,* who vacated said order

---

* Smith, C. J. did not sit on the hearing of this case.

and refused the injunction, from which ruling the plaintiff
appealed; it was ordered however that in the meantime the
defendant be restrained from selling as aforesaid, upon the
plaintiff's entering into an undertaking with sureties to in-
demnify the defendant against all such damage as he may
sustain by reason of the restraining order; the plaintiff ac-
cordingly executed the required bond with one Ephraim
Mauney and others as sureties. Upon said appeal the judg-
ment refusing the injunction was affirmed and the case re-
manded. (See same case, 73 N. C. 468.) And at Fall
Term, 1876, of said Court the action was dismissed, and a
reference had to ascertain the amount of damages which
defendant had sustained by the restraining order as afore-
said. The referee notified said Mauney to appear on a cer-
tain day, but did not notify the plaintiff, and proceeded to
take testimony, Mauney protesting that he did not waive
any of his legal rights by appearing before the referee, and
that he could not be made a party to the action against his
consent, &c.; a report was made and returned to Court, to
which Mauney filed exceptions. When the case was called
for trial, Mauney moved for an order directing the issues
raised by the report and exceptions to be submitted to a
jury; motion allowed, cause retained, and the defendant
appealed.

*Messrs. Kerr Craige* and *J. S. Henderson,* for plaintiff.
*Mr. W. H. Bailey,* for defendant.

BYNUM, J. Upon the coming in of the report of the re-
feree appointed by the Court to ascertain the damages sus-
tained by the defendant by reason of the injunction, E.
Mauney, the surety on the undertaking of the plaintiff,
filed exceptions to the report and asked the Court that the
issues of fact raised by the exceptions be submitted to a
jury. This motion was allowed and from it the defendant

4

appealed to this Court. So the single question presented by the appeal is,—had the Judge the power to have the damages sustained by reason of the injunction ascertained by submitting issues to a jury ? As the order submitting the issues to the jury was made upon the motion of Mauney, the surety, and the appeal from that order is by the defendant, the many protests made and questions raised by Mauney must pass for nothing now, as he is not the appellant. It is sufficient to say that the Code § 192 does not contemplate that a separate action shall be brought on an injunction bond, but that the damages sustained by reason of the injunction shall be ascertained by proceedings in the same action and in a mode most expeditious and least expensive to the parties, consistent with the due administration of justice and with orderly proceedings. C. C. P. § 192 expressly declares that " the damages may be ascertained by reference or otherwise, as the Judge shall direct." The Judge accordingly did direct a reference, and that the cause should be retained until the report came in to be passed upon. When the report was made to a succeeding term and the exceptions were filed thereto which raised such issues of fact as the Judge then presiding thought were most fitting to be submitted to a jury, it was competent for him to make the order and was not at all inconsistent with the order of reference made by the preceding Judge.

We do not decide that a jury trial in such cases is a matter of right under the constitution, because the question is not presented by the appeal. It was not denied but was allowed here, and it is from that order that the appeal was taken. As the statute before cited seems to place such references under C. C. P. § 192 within the control of the Court by declaring that the damages may be ascertained as the Judge may direct, certainly there is no inhibition against

the course adopted by him in a case where the facts, as here, are complicated and many grave questions arise.

We are of opinion that the Judge had the power to order the issues raised by the exceptions to be submitted to a jury, and that the making such order was but in performance and a part of the general order of reference. Whether all the charges allowed by the referee are or were intended to be covered by the undertaking, or whether the maxim applied by him that " no one shall take advantage of his own wrong " precludes the defendant from proof of benefits put upon the property while in its possession under the injunction order of the Court, are questions which do not now come before us.

We are of opinion that the undertaking is not void because it specifies no amount in which the signers to it are bound, and that the requirement of C. C. P., § 192, in that particular is only directory, as the sum to be fixed is for the benefit of the party enjoined, by satisfying him that it is large enough to cover the probable damages, and that he may see that the sureties are responsible men for the amount. The purpose is indemnity. The defendant here is satisfied with the undertaking and we do not see that the surety can impeach his voluntary undertaking.

No error.

PER CURIAM.                     Judgment affirmed.