JAMES I. MOORE and others v. RICHARD D. JONES and others.

*Mandamus -- County Commissioners -- Canvass of Votes.*

A Board of County Commissioners in canvassing the votes cast in an election, have no right to go behind the returns sent up by the Judges of Election from the respective Townships of the County.

(READE, J. *Dissenting*.)

PETITION for a writ of *Mandamus* against the Commissioners of GRANVILLE County, heard at Chambers in Franklinton on the 29th day of November, 1876, before *Watts, J.*

The summons was issued on the 27th day of November, 1876, against Richard D. Jones, Charles B. Cole Andrew Williams, Albert Wyche and Braxton Hunt, Commissioners, and James B Crews, John Morgan, James B. Hobgood and Elijah C. Montague.

In the complaint the plaintiffs alleged :

1. That an election was held on the 7th day of November, 1876, for the purpose of electing members of the General Assembly, County officers, &c. &c. and that the returns of the votes cast at the several precincts in said County were made out by the Judges of Election and forwarded to the County Commissioners.

2. That defendants (Commissioners) refused to count the votes returned by the Judges of Election of Henderson Township, on account of certain alleged irregularities in the registration of voters in said Township, and certified to the Sheriff the number of votes returned from the other Townships " as being the true count of the votes received by each candidate voted for at said election, at all the polling places in said County."

3. That at said election, the plaintiff James I. Moore and the defendant James B. Crews were candidates for the office

·of Sheriff and voted for by the people. And the plaintiffs Washington Bridgers, David Spencer and William K. Jenkins and the defendants James B. Hobgood, John C. Morgan and Elijah C. Montague were each candidates for the office ·of County Commissioner and voted for by the people.

4. That the vote of Henderson Township was thrown out for the purpose of defeating the plaintiffs.

5. That a proper addition and count of the votes of all the precincts would result in the election of the plaintiffs to said offices, and that they are entitled to qualify and hold the same.

The other allegations were to the effect that the parties claiming said offices had declared their intention to qualify, &c. And the plaintiffs insisted that the legal duty of defendants was not completed; that their duties were only ministerial; that they had no power to throw out and refuse ·to count the whole returns of the County or any part thereof; and that their action in the premises was illegal and void.

The plaintiffs therefore demanded judgment that the defendants be commanded to assemble and compare the polls from the various precincts in said County, including Henderson Township, and certify and proclaim the result, &c.

The defendants admitted that the vote of said Township was not counted and insisted that the election there held was illegal and that the returns were not properly made and certified to according to law.

They denied that the said votes were thrown out to defeat the election of plaintiffs; and alleged that a proper count of the votes of said County would not be favorable to the plaintiffs. And thereupon the defendants moved for an order to transfer the case to the Superior Court of said County, to the end that the issues of fact raised by the pleadings might be tried by a jury, which motion His Honor refused.

The plaintiffs then moved for a peremptory writ of *mandamus* to be directed to defendants, which motion was granted and the said writ was issued, " commanding them to assemble and meet together as the Board of Commissioners of the County of Granville aforesaid, at the Courthouse in Oxford in said County, and proceed to add the number of votes returned from the Township of Henderson in said County as returned to you by the Judges of Election of said Township for the different persons voted for to the count of votes as made to and proclaimed by you on the 14th day of November, 1876, from all the other Townships of said County except the Township of Henderson aforesaid. And the votes so counted and added with the votes returned from Henderson Township you will certify and have before me."

Upon return of the writ before His Honor at Oxford on the 28th day of December, 1876, it appearing that the same had not been obeyed, an order was issued against the defendants (except Braxton Hunt, who had been excused on account of illness) to show cause why they should not be attached for contempt, and thereupon the defendants appeared and filed answers, and upon considering the same the Court adjudged that Albert Wyche had purged himself of the contempt and as to him the rule was discharged, and defendants Jones, Cole and Williams were adjudged guilty of contempt, fined $250 each and sentenced to thirty days' imprisonment in the County jail.

While in the custody of the Sheriff the defendants filed a petition before Hon. E. G. Reade, one of the Justices of this Court, for a writ of habeas corpus, which was subsequently treated as a petition for a *certiorari* in the nature of an appeal by the defendants from the ruling of His Honor in the Court below.

*Messrs. Merrimon, Fuller & Ashe* and *T. B. Venable,* for plaintiffs.

*Messrs. L. C. Edwards, J. B. Batchelor* and *A. W. Tourgee,* for defendants.

PEARSON, C. J. This proceeding was commenced by a petition to His Honor, Justice Reade, for the writ of habeas. corpus. After the matter was opened before him it was agreed on both sides to treat the petition as one for a writ of *certiorari* in the nature of an appeal. The *certiorari* was granted and thus the case is in this Court as upon appeal from the ruling of His Honor Judge Watts.

Judge Watts issued an alternative mandamus requiring the defendants the Commissioners of the County of Gran-- ville, to count the vote of the Township of Henderson in making out the vote for County officers, or show cause, &c. The Commissioners made return to His Honor that they had not counted the vote of Henderson Township for the reason that admitting the return of the Judges of Election for said Township was in due form, still the Commissioners were satisfied that no election had been held in said Township according to the requirements of the law and set out many irregularities and violations of law in respect thereto. His Honor held the return insufficient and issued a peremptory mandamus at Oxford, in the County of Granville. From this ruling the case now constituted before us is an appeal.

The question is, was it the duty of the County Commissioners merely to count the vote of the several Townships according to the returns made by the Judges of Election, or did the County Commissioners have power to go behind the returns and judge of the validity of the election as held in the respective Townships?

The statute provides, "Returns shall be made by the Judges of Election from all of the precincts to the County Commissioners, who shall proceed *to add the number of votes returned,* and the person having the greatest number of votes. shall be deemed duly elected. Bat Rev. ch. 52 § 21.

"To add the number of votes returned," is a ministerial act. This statute is so plain, that "he who runs may read."

How the Commissioners derived power to act judicially and go behind the return of the Judges of Election, we are at a loss to conceive.

In regard to members of the General Assembly, it is provided, "each House shall be the judge of the qualification and election of its members." But the person who presents the certificate of his election takes the seat subject to the future action of the body of which he is *prima facie* a member.

In regard to County Officers, it is provided, (C. C. P. ch. 17. § 366,) "an action may be brought by the Attorney General in the name of the people of the State, &c., when any person shall usurp or intrude into or unlawfully hold any public office."

It is clear that the Commissioners have nothing more to do than to add up the returns made by the Judges of Election in the several Townships; and thereupon the law declares the person having the greatest number of votes, "shall be deemed duly elected," subject to an investigation to be made by the Courts, in an action in the name of the Attorney General, &c. as to the validity of the election, &c.

It is said this action may be protracted until the term of office expires and the remedy will amount to nothing. That is so, but it is no ground to support the position that such is not the law or to authorize the Court to depart from it, whatever force it may be entitled to as a reason for changing the law, provided a better plan can be devised.

In direct analogy: a seat in a Convention, or in either House of the General Assembly, is contested, the person having the certificate of election is *prima facie* entitled and takes the seat; but it sometimes happens, owing to the complicity of the case or some other cause, that a conclusion is not arrived at before an adjournment *sine die.* Here there is

a wrong for which no adequate remedy is provided. It is "ours" to declare the law, not to make it.

It is apparent that the defendants in assuming a right to go behind the return of the Judges of Election appointed for Henderson Township and to decide upon the validity of the election in that Township, acted without authority and against the law.

There is no error in the ruling of His Honor, and it is now here ordered by this Court, that the defendants Jones, Cole, Williams, Hunt and Wyche, the Board of Commissioners for the County of Granville, forthwith add the return made by the Judges of Election for the Township of Henderson, to the vote for the officers of the County and certify the election accordingly; and upon failure to do so immediately on the service of a copy of this judgment, each of them so refusing will be attached for contempt and held in close custody, that is in jail, until this order be obeyed and a return of perfect obedience be made to the Judge of the District.

The Clerk will issue a copy of this judgment together with an order of arrest and close imprisonment of the members of the Board who refuse obedience.

The irregularity of His Honor's having required the Commissioners of Granville County to appear before him at Franklinton, was not urged by the defendants as a ground of demurrer and was waived, or was cured by the fact that His Honor went to the town of Oxford to receive the return. This is adverted to, lest it might grow into precedent, that a Judge may issue a writ of mandamus in any County within his District and require County officers to answer to the writ wheresoever he may choose to consider "his chambers" to be within the counties comprised in his District.

PER CURIAM.                Judgment accordingly.