Ruffin, Chief Justice.
 

 The act of 1819,
 
 (Rev. ch.
 
 1002,) gives a creditor a summary remedy, by motion, triable at the first term, against a clerk, sheriff, and other officer, “ and against any or all of his sureties.” The act does not expressly give the same remedy against justices of the peace, who have rendered themselves responsible for the acts of the officer, by failing to take a bond from-him, according to the provisions of the previous acts of 1809,
 
 (Rev. ch.
 
 777,) and 1790,
 
 (Rev. ch.
 
 327.) The counsel for the defendants, contends, upon this, that the justices are not liable, in this form of proceeding, because the words embrace only those who are not simply bound legally for the officer, but are bound also
 
 in point of form,
 
 as his sureties, by contract — especially, as the liability of the justices does not depend upon the mere fact of not taking such bond as the law requires, but arises only in cases of voluntary omission, or gross neglect. If the act deprived any party of a matter of defence, which he would have, if sued in a common law action, it could not embrace any persons, but such as are mentioned in it
 
 nominatim.
 
 But every bar to the recovery is open in this method of proceeding, as in any other; and the only
 
 *48
 
 difference is, that the trial is to be at the first term, in order to render a judgment already recovered by a course of law, effectual. The defendants therefore, if their case had justified it, might have insisted, that they ^acj ¡jQjjgg^y done their duty, to the best of their judgment. But it is clear, that such a defence would have been altogether unfounded. It is not like the case of
 
 the Governor
 
 v.
 
 M‘Affee,
 
 2 Dev. 15; for there a bond was taken, which was good at common law, though it did not conform to the statute, so as to authorize a summary remedy on it. But here, upon
 
 non est factum,
 
 what is called a bond of the clerk, must be found not to
 
 be
 
 a deed. It is so plain a case, as to amount to
 
 crassa negli-gentia,
 
 which proves not the defect of judgment, but the want of disposition in the justices to do their duty. If the defendants are thus clearly liable, the remaining question is, why should they not be summarily
 
 'l
 
 They are grossly culpable, for not providing the public with a formal security; and have no pretence to object to this remedy, if their case be within the mischief, and within the intent of the act. It certainly falls within the mischief, which was the delay in paying over to the creditor his money, collected by the authority of the law; and that delay is equally mischievous, whether interposed by one set of persons bound for its payment, or by another set. But when we come to look at the acts of 1790 and 1809, they appear to be very strong. They not only make the justices liable for the officer, but they enact, that they “shall be
 
 considered
 
 bound
 
 to all
 
 intents and purposes,” and are
 
 declared to he
 
 bound, as the sureties of the officer, in the same degree, and in the same manner, as though they had been
 
 formally hound, “by entering into and executing bond with and as the sureties of such
 
 officer.” These provisions, we think, express the purpose of the legislature so clearly, that we cannot refuse to bring the justices within a subsequent beneficial and remedial statute, affording a speedy remedy against those who are liable as officers, and as the sureties of officers. That is the character given to statutes of this kind.
 
 Oats
 
 v.
 
 Darden,
 
 1 Murph. 500.
 

 
 *49
 
 is to be applied to summary proceedings in a court of record, as before an inferior court. We do not doubt, that if a statute requires or directs a thing to be done in a particular court, as well as before a particular man, it cannot be done in or before any other. 1 Plow. 206. But this act does not confer a special jurisdiction on any particular court. On the contrary, it gives the motion “ in
 
 any
 
 court having competent jurisdiction;” which, we think, clearly refers to the subject-matter, as being within the jurisdiction of one or more courts, according to the general law. The subject-matter was within the jurisdiction of the Court of Chowan; though that court would not have exercised its jurisdiction between these particular parties, if it had been declined, by a plea in abatement. We think, therefore, the points made by the exceptions are in favour of the plaintiff. Another objection is to the jurisdiction of the Superior Court of Chowan, as the plaintiffs did not reside in that county, and the defendants are officers and residents in another. We think the objection would be unanswerable, if it had been taken in proper time; but it is too late, after a plea in bar. It is insisted, however, that the same rule
 

 Nevertheless, the court is constrained to reverse the judgment, and order a
 
 venire ele novo,
 
 for a defect in the verdict. The defendants pleaded
 
 nil debent,
 
 and the jury have found certain special facts, that the money mentioned in the notice was paid to the clerk on a certain day, and was demanded, instead of finding specially all the facts on which the defendants’ liability arose, or finding generally, that they owed the plaintiff, by reason of the matters set forth in the notice, the principal money demanded and assessed, and the interest, according to the statute.
 

 Pun CüRiam. Judgment reversed.