WILLIAM B. THOMPSON *v.* ARCHIBALD T. McNAIR and others.

An injunction, obtained by a plaintiff at law, in order to preserve property in litigation, until the determination of the suit at law, having been dissolved : *Held*, that no reference to ascertain damages sustained by the defendant because of such injunction, or other proceedings upon the injunction bond, could be had until after the determination of the suit at law.

(*Falls* v. *McAfee*, 2 Ire. 236, approved.)

EXCEPTIONS, to a report in Equity, tried before *Buxton, J.,* at July Special Term 1869, of ROBESON Court.

The plaintiff had brought an action of *Trespass,* Q C. F., against the defendants, for injury to certain turpentine lands, and in order to preserve the property during the pending of such suit, had also obtained an injunction against them. At Spring Term 1867, the injunction was dissolved because the plaintiff had failed to show that the defendants were insolvent, and upon application by the defendants, an order of reference was made to ascertain the damages sustained by the defendants, by reason of the improper suing out of the injunction.

The Commissioner passed upon the titles of the parties, and ascertained the damages to be $1,225.00. The report having been excepted to by the plaintiff, his Honor set it aside, and the defendants appealed.

*N. A. McLean* and *W. McKay,* for the appellants.
*Leitch,* contra.

PEARSON, C. J. *Falls* v. *McAffee,* 2 Ire. 236. is decissive of this case. It cannot be known judicially that the injunction was wrongfully sued out, until the action at law is disposed of. Suppose the defendant should be allowed to have judgment in this proceeding, on the ground that there

was not probable cause, and afterwards the action at law be decided in favor of the plaintiff, he would be entitled to recover back the very damages that the defendant now seeks to recover, and the record of the Court would be inconsistent and contradictory.

An injunction in aid of an action at law, to preserve the property pending the suit, is of rare occurrence. The fact that in order to make a report, the Commissioner in Equity felt constrained to pass upon the legal title in anticipation of the judgment in the suit at law, presents a legal absurdity, which the Courts avoid in judicial proceedings. An analogy may be found in the action for malicious prosecution. It is settled that the action cannot be maintained until the indictment is finally disposed of, either by an acquittal or a *nol. pros.* Otherwise, the defendant might recover damages and be afterwards convicted of the offence, and thus the record be made to contradict itself.

We concur with his Honor in the Court below.

Of course the rights of the defendant, if he has any, will not be affected by refusing to allow him to proceed on the injunction bond until the action at law is disposed of. This order is made without prejudice, and the defendant will be at liberty to proceed hereafter, as he may be advised.

PER CURIAM.                          Judgment affirmed.