STATE on the relation of WM. H. HOWERTON and others *v.* S. McD. TATE and others.

A person who is rightfully entitled to an office, although not in the actual possession thereof, has a property therein, and may maintain an action for money had and received, against a mere intruder, who may perform the duties of such office for a time and receive the fees arising therefrom ; and such intruder cannot retain any part of the fees as a compensation for his labor.

(The *State ex rel. Howerton et al.* v. *Tate et al.*, 68 N. C. Rep. 546 ; cited and approved.)

CIVIL ACTION, tried before *Cloud, J.*, at the Fall Term, 1872, of the Superior Court of ROWAN county.

By consent of parties, his Honor found the facts in the case, which are the same as stated in the suit between the same plaintiffs and defendants, decided at January Term, 1873, of this Court, and reported in 68 N. C. Rep. 546, and which (those pertinent to the question involved,) are set out in the opinion of Justice SETTLE.

Upon the facts found on the trial below, his Honor gave judgment, that the relators, (plaintiffs in this action,) were the rightful Board of Directors of the Eastern Division of the Western North Carolina Railroad, and not the defendants, and that the former be admitted to said office and the latter ousted therefrom. That the relators recover their costs.

From this judgment the defendants appealed ; and the relator Howerton appealed, on the ground of the refusal of the Court to give him judgment for one year's salary, &c.

*A. S. Merrimon* and *D. Coleman*, for defendants.

*McCorkle & Bailey*, for the plaintiffs, and for appellant Howerton.

SETTLE, J.   We have held in *the State* on the relation of *Howerton* v. *Tate*, 68 N. C. Rep. 546, that the Board of Di-

rectors, of which the plaintiff Howerton was President, were the only persons lawfully entitled to the possession of the Eastern Division of the Western North Carolina Railroad, from and after the 26th day of October, 1871. And we take it, that Howerton continued to be the President of the road until it passed into the hands of the receiver appointed by the District Court of the United States for the Western District of North Carolina.

But during this whole period, Howerton and his Board were kept out of possession by the defendant Tate and his Board, and this action is for the purpose of recovering the salary to which Howerton alleges he is entitled as President *de jure* of the road. That he is so entitled from the time of his demand upon the Tate Board for the surrender of the road is clear, both upon reason and authority.

In the first place it is enacted by the Code of Civil Procedure, sec. 369, that "whenever an action shall be brought against a person for usurping an office, the Attorney General, in addition to the statement of the cause of action, may also set forth in the complaint the name of the person rightfully entitled to the office, with a statement of his right thereto, and in such case, upon proof by affidavit that the defendant has received fees or emoluments belonging to the office, and by means of his usurpation thereof, an order may be granted by a Judge of the Supreme Court for the arrest of such defendant, and holding him to bail," &c. And sec. 373, "If judgment be rendered upon the right of the person so alleged to be entitled, in favor of such person, he may recover by action the damages which he shall have sustained by reason of the usurpation by the defendant of the office," &c.

In *Douglas v. the State*, 31 Indiana 429, which was a contest for the office of county auditor, the authorities on this subject are collected and well considered, and we shall make no apology for quoting largely from that case.

There it is said that "Wright, being the auditor *de jure* from and after the 11th of November, 1867, was entitled to

exercise the franchises of the office, and to receive the fees and emoluments thereof. The right of Douglas to hold the office ceased at the same time, and he was thereafter a mere intruder, and his subsequent exercise of the office was a usurpation.

" The remaining question is as to the measure of Wright's damages. Is he entitled to recover the whole emoluments of the office received by Douglas for the time he unlawfully held possession, without any deduction for necessary clerk hire paid out by Douglas for discharging the duties of the office during the same time.

" And it is held that a person who is rightfully entitled to an office, although not in the actual possession of it, has a property in it, and may maintain an action for money had and received, against a mere intruder who may perform the duties of the office for a time and receive the fees arising therefrom, and such intruder cannot retain any part of the fees as a compensation for his labor. This position is fully sustained by I Selwyn N. P. 81 ; *Lightly* v, *Clouston*, 1 Taunt. 112 , *Allen* v. *McKean*, 1 Sumner 276 ; *Bayton* v. *Dodsworth*, 6 Term R. 681 ; *Dorsey* v. *Smythe County Auditor*, 28 Cal. 21."

The opinion in *Douglas* v. *the State* goes on to say " The official acts of Douglas during the time he usurped the office are held to be valid as to the public and third parties, simply because the public good requires that it should be so to prevent still greater mischief. But as to Douglas himself, they were illegal. Being a mere intruder, he can claim no benefit from his acts ; he was not entitled to receive any compensation for the services rendered, either by himself or by those acting under him, and could not maintain an action for the recovery of the fees appertaining to the office."

In the case of the *United States* for the use of *Crawford* v. *Addison.* 6 Wal. 291, which was a contest for the mayoralty of Georgetown, in the District of Columbia, it is said that " the rule which measures the damages upon a breach of contract for wages or for freight, or for the lease of buildings, has no application. In these cases the party aggrieved must seek

other employment or other articles for carriage, or other tenants, and the damages recovered will be the difference between the amount stipulated and the amount actually received or paid. But no such rule can be applied to public offices of personal trust and confidence, the duties of which are not purely ministerial or clerical." In such cases the measure of damages is the salary received by the intruding party.

In our case, Howerton being the 'President *de jure* of the road, was entitled to receive the salary attached to that office; but Tate having usurped the same, and having received a portion at least, if not all of the salary, without the assent of Howerton, either expressed or implied, he must be held as having received it to the use of Howerton.

The case will be remanded to the end that there may be an inquiry as to the amount of salary received by Tate, and that the case may be disposed of in accordance with the principles enounced in this opinion.

PER CURIAM.                                    Order accordingly.