SAMUEL P. SWAIN v. JAMES D. McRAE and others, county canvassers.

*Practice—Mandamus—Public Office—Election, Validity of Registration.*

1. An action does not lie against a board of county canvassers and a person declared by them to have been elected superior court clerk, by one claiming to have been elected, to compel by *mandamus* a re-assembling of the board and a recount of the votes. The proper remedy is by *quo warranto.*

2. Where a new registration of the voters of a township was ordered, but was not had for the reason that the order was made within less than thirty days of the time required by law for opening books of registration; and forty-five days intervened between the date of the order of registration and the day of election; *Held*, that the county board of canvassers erred in rejecting the vote of the township because there had been no new registration as ordered.

(*Moore* v. *Jones*, 76 N. C. 182, cited and commented on.)

APPLICATION for a *Mandamus*, heard at Fall Term, 1878, of BRUNSWICK Superior Court, before *Buxton, J.*

The plaintiff alleged he had been re-elected clerk of the said court on the first Thursday in August, 1878, and demanded that the defendants, board of county canvassers, be ordered to reassemble and count the votes of Town Creek township as returned by the judges of election, and add them to the votes of the other townships in the county, and

proclaim the result of the election for clerk of the superior court.   Defendants demurred to the complaint and the court sustained the demurrer.   The plaintiff was then allowed to amend the process and pleadings by making M. C. Guthrie, the rival candidate for the office, a party defendant.   In his amended complaint, the plaintiff asked for an order restraining defendant, Guthrie, from qualifying and being inducted into office.   The defendants answering alleged that there was no legal election held in said township on account of certain irregularities in providing for a new registration of the voters, and that M. C. Guthrie received a majority of the legal votes cast at said election, and was properly declared elected clerk of said court at the regular meeting of the board of canvassers, and that said board are now *functi officio*.   The irregularities appearing from the pleadings are in brief as follows:  A new registration of the voters of said township among others was ordered, but not taken by reason of the fact that the order was made within less than thirty days of the time required by law for opening the books of registration ; but between the time the order was made and the day of election there intervened forty-five days, and the registrar failed to open the books as ordered. At the meeting of the board of canvassers and it appearing that no new registration had been taken as aforesaid, they refused to count the votes polled at Town Creek township, and declared the defendant, Guthrie, elected.

His Honor held that the remedy for *mandamus* was inapplicable, the said board was not a continuing body, and refused to grant the order for an injunction.   From this ruling the plaintiff appealed.

*Mr. D. L. Russell*, for plaintiff.
*Messrs. J. D. Bellamy, Jr.*, and *W. S. & D. J. Devane* for defendants.

SWAIN *v.* McRAE.

SMITH, C. J.   The object of this suit, commenced on the 16th day of August last, against the members of the board of county canvassers, is to compel them to re-assemble and make a recount of the vote cast for superior court clerk in Brunswick county, including the rejected return from Town Creek township.   The process, originally returnable before the judge of the district at Fayetteville, in Cumberland county, on exception to the jurisdiction taken and sustained, was amended by making M. C. Guthrie a co-defendant, and the summons returnable before the superior court of Brunswick in term time, and was heard and decided at the regular fall term of the court upon complaint and answer.   His Honor refused the writs of injunction and mandamus, and declined to inquire into the merits of the case on the ground that the writ of mandamus is not an appropriate remedy, and for the further reason that in the opinion of the court the board of county canvassers created by law for a single specific purpose, which has been accomplished, has ceased to exist as an organic body, and its members are no longer competent to do an official act.   The appeal brings up the correctness of this ruling for review.

As the cause is now constituted, the contestants become adversary parties to the suit, each asserting his claim to the office in dispute, and the coercive power of the court is asked to enforce such action on the other defendants as will determine the controversy and secure the place to the plaintiff.   It presents the anomalous case of an incumbent holding over after the expiration of his term, and claiming to have received a majority of the popular vote in opposition to the declared official count, seeking to restrain his opponent from qualifying and accepting the office until, by a recount made under the direction of the court, his own title thereto can be established.   If this mode of procedure to decide a contested election is allowed, it will obstruct the operation of those laws through which the popular will is

collected and expressed, and deprive the public of the services of those persons legally declared to be elected during the pendency of the dispute as to who is rightfully entitled. It is important that all public offices should be filled by the party having a *prima facie* right thereto, until a better title is shown in some one else. For this reason it is that by a proceeding in the nature of a *quo warranto* one entitled to an office in possession of another may recover possession, and by a subsequent action compensation in damages for the time it has been wrongfully withheld. C. C. P., § 373.

It is the duty of the county canvassing board, after concluding their count, to declare the person having the greatest number of votes to be elected and to make proclamation " at the court house of the voting in their county for all the persons voted for, and the number of votes cast for each." Act of 1876–'77, chapter 275, §§ 30, 31. This we must assume to have been done on the second day after the election, the time prescribed by law for their meeting. It was then the duty of the county commissioners to qualify and induct into office those whose election the county canvassers have ascertained and announced. Bat. Rev., ch. 27, § 8, (31.)

The present proceeding aims to obstruct the execution of the law, and if allowed, would leave the office unfilled but for the fact that the plaintiff is the former incumbent and retains possession. The office of the writ of mandamus is simply to impose upon an officer the execution of a neglected duty affecting the interest or rights of the person applying for it. It cannot be extended to reach conflicting claims to an office and thus usurp the place of that special and ample remedy which the law prescribes for adjusting and determining them. We refrain from saying more on this subject as it is fully discussed in *O'Hara* v. *Powell, ante* 103.

It is unnecessary to examine the other ground upon which the judge rests his decision, to-wit: that the board

is *functus officio,* and incapable of further acting.   There are conflicting authorities on this point, and his ruling is supported by several able decisions in the courts of New York and elsewhere, which are cited in the brief of defendant's counsel.   Nor do we propose to enquire whether the functions of the newly created canvassing board are purely ministerial as those exercised under the former law by the county commissioners, their predecessor in this service, are decided to be in the case of *Moore* v. *Jones,* 76 N. C., 182; and, therefore, under the mandatory power of the court, or whether they are discretionary and in some of their features *quasi* judicial and beyond that control.   There is a very marked difference in the phraseology which prescribes and defines the duty of these respective bodies.   The *commissioners* are directed simply "to *add* the number of *votes* returned," while the *canvassers* are required "to open and *canvass the returns.*"   Acts 1876–'77, ch. 275, § 25.   But we forbear the expression of any opinion on the point as it is not necessary to the decision of the case.

We sustain the ruling of the court in holding that the plaintiff misconceives his remedy and in denying the relief sought in this action.

While it is not necessary to the decision of the case, yet as it may facilitate the settlement of the matter in controversy and avoid the delay and expense of future litigation, we deem it proper to express the opinion we have formed that the county canvassers for any reasons assigned, erred in rejecting the vote of Town Creek township, and that it ought to have been added and counted in ascertaining the result of the election.

No error.                                        Affirmed