RICHMOND PEARSON, Ex'tr, et als. v. SAM'L CARR.

*Reference—Final Judgment—Damages.*

1. No order of reference can be made to ascertain any facts taking place after the final judgment.

2. After final judgment in the Supreme Court, the Superior Court has no power to order a further reference, or to take any action in the cause.

3. So, where after finding judgment in the Supreme Court, it was sugged that since the date to which the referee's report settled the rights and liabilities of the parties, the plaintiff had remained in possession of the land and become liable for additional rents; *It was held,* that the right could not be enforced in this action, but the defendant must bring a new action to ascertain the amount of such additional liability.

4. Under the former practice, in an action of ejectment or trespass, damages were awarded only up to the time of bringing the action, but under the present system, they are recoverable up to the time of the trial.

(*Whissenhunt* v. *Jones,* 78 N. C., 361; *Burnett* v. *Nicholson,* 86 N. C., 99; *Grant* v. *Edwards,* 88 N. C., 246; cited and approved. *Bledsoe* v. *Nixon,* 69 N. C., 81; distinguished).

MOTION, by the defendant in the cause, to re-open an account, heard before *Shipp, Judge,* at June Term, 1886, of BUNCOMBE Superior Court.

This case was before the Court at February Term, 1886, and is reported in the 94 N. C., 567–574. The motion was refused, and the defendant appealed.

The facts appear in the opinion.

No counsel for the plaintiffs.
*Mr. C. A. Moore,* for the defendant.

SMITH, C. J. In deciding the double appeal in this case, at the February Term, 1886, we used these words in concluding

the opinion : " The investigations of the referee have been careful, painstaking and thorough, and the results conveyed in his report. Under the correcting hand of the revising Court, his errors have been rectified ; and, in our opinion, substantial justice is meted out in the *final judgment of the Court;* and of this the plaintiffs have no just grounds for complaint."

Thus every matter in controversy in the suit was adjusted, and the cause absolutely determined. When the action of this Court was certified to the Superior Court, the defendant's counsel, suggesting that since the period down to which the referee brought the conflicting claims of the parties, the plaintiff continuing his occupancy of the land, has become liable for further rents and profits, as well as damages for waste committed, moved the Court to re-open the reference, in order that an account of these may be taken, and the plaintiff charged with these also ; that is, he proposes in effect to re-open the controversy, settled by a conclusive and final adjudication, and introduce matter of subsequent occurrence, not involved in the decision, for inquiry.

The Court very properly refused to entertain the motion, for that the final judgment was not in that, but in the appellate Court. From this the defendant undertakes to appeal, and thus bring up the record again.

Upon the hearing of the appeal, it was intimated to defendant's counsel that any interference with the cause, if permissible at all, must be in this Court; and thereupon a petition was filed here, asking the same relief as was refused in the Court below.

We have no hesitancy in denying the application, as irregular and warranted by no practice or precedent known to us. If it were allowable upon such grounds, causes would not be settled, though everything in dispute had been adjudicated, and judgments final would become little more than orders in the cause, and in violation of the maxim, " *interest republicæ,*

*ut sit finis litium."*   There must be some time in the progress of an action to which all opposing claims must be computed, and when that point is reached and these all determined, it of necessity comes to an end.

In *Bledsoe* v. *Nixon*, 69 N. C., 81, `a similar effort was made in the Superior Court to obtain a new trial of one of the issues disposed of in the reference, and upon appeal the proceeding was dismissed, because the cause was in the Supreme Court.

But the application was entertained as made in the Supreme Court, and the relief, after some hesitancy, granted, as there would otherwise be no remedy for the wrong.   This was done upon newly discovered evidence.   While this case, as a precedent, sustains the ruling of the Court below in declining to take cognizance of the subject-matter of the complaint, it gives no support to the present demand, in whichever Court preferred.

Here there is no alleged wrong in any of the rulings entering into the judgment, which can only be corrected by its reformation, and this upon a petition to rehear, or for evidence lately discovered, material in its bearing, and where there has been no negligence in bringing it forward at the proper time.

The claims of the defendant, if well founded, are not concluded in what has been done, but may be asserted, and must be sought in a new action.

Under the former practice, when the possession of land was the object of the action, or where acts of trespass were to be redressed, compensation was awarded only for such as were committed before the bringing of the suit.   Now, damages are recoverable up to the time of trial.   *Whissenhunt* v. *Jones*, 78 N. C., 361 ; *Burnett* v. *Nicholson*, 86 N. C., 99; *Grant* v. *Edwards*, 88 N. C., 246.

But in no case in the one action are they to be recovered after final judgment.   Such trespasses are continuous

and separate, and no Court can look into the future and determine how long they may be repeated, or when they will cease.

This appeal must be dismissed, and the application in this Court denied.

Dismissed.