J. R. CRAWFORD v. S. T. PEARSON et al.

*Injunction—Right to Damages—Practice.*

1. Under Chapter 251, Acts of 1893, it is no longer necessary to allege want of probable cause in proceedings to recover damages against plaintiff in attachment suits.

2. It is not necessary under the provisions of Section 341 of *The Code* that a separate action shall be brought on an injunction bond for damages sustained, but that such damges shall be ascertained by proceedings in the same action.

3. That the principal in an undertaking, given in an injunction suit, was sued without making the sureties parties makes no difference.

4. Before a motion to assess damages sustained by the wrongful suing out of an injunction can be allowed, there must be a final determination of the action.

CIVIL ACTION, by the plaintiff, against S. T. Pearson, for damages for wrongfully suing out an injunction, heard before *Allen, J.,* at Fall Term, 1894, of McDowELL Superior Court.

The defendant in this action had brought an action against the plaintiff for damages for wrongfully cutting logs on land alleged to belong to him, the plaintiff in said action, and obtained an injunction forbidding the defendant in that action (plaintiff in this) for cutting or disposing of the logs. There was a judgment in that action in favor of the defendant therein (the plaintiff here) who thereupon brought this separate action for $1,500 damages for deterioration of the logs, etc., during the continuance of said injunction.

The defendant herein entered a demurrer as follows:

"1. The defendant, by his counsel, comes and demurs to the complaint herein for that the complaint does not state facts sufficient to constitute a cause of action in that it does

not allege that the injunction sued out by defendant against the plaintiff was obtained without probable cause.

"2. That it appears from the complaint that injunction was granted in a certain action decided in the county of Rutherford between the plaintiff in this action and this defendant, the damages sustained by the wrongful suing out of the bond can only be recovered in the action where the injunction bond was filed and not by a new action."

The demurrer was overruled, and the defendant appealed.

*Mr. E. J. Justice*, for plaintiff.
*Mr. J. B. Batchelor*, for defendant (appellant).

MONTGOMERY, J.:  Under Chapter 251, Acts of 1893, it is no longer necessary to allege want of probable cause in proceedings to recover damages against plaintiff in attachment suits.

The second ground of demurrer ought to have been sustained. *The Code*, Section 341, does not contemplate that a separate action shall be brought on an injunction bond, but that the damages sustained by reason of the injunction shall be ascertained by proceedings in the same action and in a mode most expeditious and least expensive to the parties, consistent with the due administration of justice and with orderly proceedings. *N. C. Gold Co.* v. *Ore Co.*, 79 N. C., 48.

That the defendant was sued alone in this action, and not his sureties on the injunction bond with him, makes no difference.  The undertaking does not impose any new liability on the defendant, but simply provides an additional security, and therefore the damage which the plaintiff suffered, if any, should have been assessed in the same manner as if the sureties on the undertaking had been moved against, i. e. in the same action in which the injunction was issued.

The motion made by the plaintiff in the action in which the injunction was issued, to have his damages assessed was premature. Before that motion could have been allowed, there must have been a final determination of the action. *Thompson* v. *McNair*, 64 N. C., 448. There was error in the ruling of the Court below. The demurrer ought to have been sustained.

Error.

. AVERY, J., did not sit.