RALEIGH AND WESTERN RAILWAY COMPANY v. GLENDON & GULF MINING AND MANUFACTURING COMPANY.

*Practice—Injunction—Damages, Assessment of—Non-Suit—Appeal.*

1. It is premature to have the damages growing out of the issuing of an injunction or restraining order assessed before the final determination of the action.

2. Upon the trial of a case in which the plaintiff had obtained a restraining order, upon an intimation of the Trial Judge that a recovery could not be had, the plaintiff appealed. The judgment was affirmed on appeal; *Held*, that it was proper to assess the damages resulting from the issuing of the restraining order after the affirmance and certification of the judgment and not at the term at which the appeal was taken.

CIVIL ACTION, heard before *Starbuck*, *J.*, and a jury, at Spring Term, 1895, of CHATHAM Superior Court, on a

motion to assess damages resulting to the defendant from the issuing of a restraining order. The plaintiff resisted the motion upon the ground stated in the opinion of Associate Justice MONTGOMERY. The motion was granted and the damages were assessed by the jury. From the judgment thereon plaintiff appealed.

*Messrs. Womack & Hayes*, for plaintiff.

*Messrs. W. A. Guthrie* and *H. A. London*, for defendant (appellant).

MONTGOMERY, J.: During the trial of the case in the court below his Honor intimated that the plaintiffs were not entitled to recover. Whereupon they submitted to a non-suit and appealed to this court, where the judgment was affirmed. Upon certification having been made of the transcript of judgment to the Superior Court, the defendants moved against the plaintiffs and their sureties to the restraining bond, which they had executed and filed in the cause, to have their (defendants') damages which they alleged they had sustained by reason of the issuing of the restraining order. The plaintiffs objected to the proceeding and to the issue framed for that purpose on the ground that such damages should have been determined at the trial of the cause and upon the rendition of the judgment of non-suit. The objection was overruled and the jury assessed the damages. It was contended here for the plaintiffs that the defendants lost their right to recover damages when they allowed the plaintiffs to take the non-suit without objection or exception. This might have been so if the plaintiffs had not in the same breath accompanied their non-suit with an appeal to this Court. If the plaintiffs had taken their non-suit of their own motion and without appeal, the judgment being in that case a final one,

the plaintiffs would have been compelled then and there to lodge a motion for the assessment of their damages or else have lost their remedy. The appeal, when perfected, only suspended the judgment of the lower court and kept the action *in fieri* until the final judgment on appeal should be pronounced; and this Court has decided that, in actions in which injunction or restraining orders have been issued, it is premature to have the damages growing out of the issuing of the injunction, or order of restraint, assessed until the final determination of the action. *Crawford* v. *Pearson*, 116 N. C., 718; *Thompson* v. *McNair*, 64 N. C., 448. These decisions rest on sound principle. Until the action was ended by a final judgment and the suit thereby disposed of, it could not be known judicially that the restraining order was wrongfully issued, and if the defendants had been allowed to have their damages assessed before final judgment, and afterwards the judgment had been for the plaintiffs, they (the plaintiffs) would have been entitled to recover back the very damages that the defendants had recovered of the plaintiffs. Such proceedings, if permitted, would render the court records not only inconsistent, but contradictory.

No Error.