STATE *ex rel.* R. S. McCALL v. CHARLES A. WEBB.

(Decided May 29, 1900.)

*Quo Warranto In Re Solicitor of Buncombe Criminal Court— Motions in the Cause—Emoluments and Fees; Reference—Judgment of Supreme Court to be Considered Final Below.*

After final judgment in the Supreme Court, the Superior Court has no power to order a further reference, or to take any action in the case.

MOTIONS IN THE CAUSE by the relator, after affirmation of the judgment below in his favor, reported in 125 N. C., 243, heard before *McNeill, J.,* and refused, at August Term, 1899, of the Superior Court of BUNCOMBE County.

The relator submitted two motions in the cause:

(1) To be allowed to amend the complaint alleging the wrongful appropriation by the defendant of the emoluments and fees of the office of Solicitor.

(2) For a reference to ascertain the amount thereof. The motion being disallowed, the relator excepted and appealed.

Furches, J., writes the opinion of the Court.

Clark, J., writes concurring opinion in the decision only.

*Mr. Frank Carter,* for appellant.

*Mr. T. H. Cobb,* for appellee.

Furches, J.   This was originally an action in the nature of *quo warranto* by the State on relation of R. S. McCall against Chas. A. Webb to try the title to the office of Solicitor. Upon the hearing in the court below it was decided that the plaintiff was entitled to the office, and a judgment to that effect was rendered declaring that the defendant was not entitled to the said office, but that McCall, the relator, was —ousting the defendant from the office and declaring that the relator was entitled to said office, to perform its duties, and to receive the fees and emoluments thereof.   From this judgment the defendant appealed to this Court where the judgment of the court below was affirmed (125 N. C., 243).

When the judgment of this Court was certified to the Superior Court of Buncombe County, the plaintiff moved for an order of reference to ascertain the amount of fees and emoluments the defendant had received while he was wrongfully in possession of said office.   This motion was resisted by the defendant, and the plaintiff then moved to be allowed to amend his complaint so as to embrace the claim for the fees and emoluments of the office, while so wrongfully held by the defendant, and this motion was also resisted by the defendant, and the plaintiff then moved to be allowed to amend his complaint so as to embrace the claim for the fees and emoluments of the office, while so wrongfully held by the defendant, and this motion was also resisted by the defendant.   Both of these motions were refused by the Court below, and the plaintiff excepted and appealed.

McCall *v.* Webb—No. 1.

It was held in *Dobson v. Simonton,* 100 N. C., 56, that a judgment of the Superior Court, affirmed by this Court, could not afterwards be changed or modified by the Superior Court.

It was also held in *Calvert v. Peebles,* 82 N. C., 334, that when this Court affirms the judgment of the Superior Court, it can not afterwards be changed or modified in the court below, on motion of the parties.

It was held in *Brendle v. Herren,* 97 N. C., 257, that "After final judgment disposing of the rights of the parties, it is too late to introduce a new cause of action into the controversy. So, in an action to have the holder of the legal title declared a trustee, it is too late after judgment to ask for an account of rents and profits."

In *Pearson v. Carr,* 97 N. C., 194, it was held that "No order of reference can be made to ascertain any facts taking place after the final judgment. After final judgment in the Supreme Court, the Superior Court has no power to order a further reference or to take any action in the case."

These cases seem fully to sustain the action of the Court below, and the judgment must be affirmed.

It was contended by the defendant, and argued at length before us, that, as the plaintiff had failed to ask for this relief in his complaint, and have an order of reference before final judgment, he is estopped, and has no remedy to recover what seems to be due him by the judgment of the court. While we do not consider this question before us for adjudication, still, as it was argued and insisted upon by the defendant, we think it proper to say that we do not think the authorities cited by the defendant sustain this contention. This is an action of *quo warranto* by the State, on the relation of McCall, to try the title to this office. The State is interested in this question—in having its public offices filled by its proper officers. But this is as far as the State's interest goes, and it

would seem to be the only issue triable in this action. And we doubt whether it would have been proper for the Court to have made the order of reference asked for, if it had been pleaded and asked for before final judgment, if resisted by the defendant. But it must be that the plaintiff has a remedy, not only against the defendant, but also against his sureties, as the Legislature has provided for requiring him to give security, which he has done. In our opinion this case is distinguishable from the cases cited by the defendant.

Affirmed.