McCALL v. ZACHARY.

(Filed December 9, 1902.)

1. JURISDICTION—*Superior Court—Bonds—The Code, Sec. 543—Public Officers.*

   Where an action is brought to recover the fees of an office amounting to $500, and in the same action judgment is asked against the sureties on a $200 bond, given in a *quo warranto* proceeding, the superior court has jurisdiction.

2. FORMER ADJUDICATION —*Bonds —Offices —Fees —Estoppel —Quo Warranto.*

   Judgment as to the title to an office in a *quo warranto* proceeding is not an estoppel to an independent action to recover the fees of the office.

3. ACTIONS—*Joinder—Fees—Quo Warranto—Bonds.*

   An action for the fees of an office and one on the bond given in the *quo warranto* proceedings may be joined.

ACTION by R. S. McCall against W. W. Zachary, heard by Judge *W. B. Councill,* at August Term, 1902, of the Superior Court of MADISON County. From a judgment for the defendant, the plaintiff appealed.

*Frank Carter (V. S. Lusk,* and *Pritchard & Rollins,* on the brief), for the plaintiff.
*Geo. A. Shuford,* and *J. M. Gudger,* for the defendant.

FURCHES, C. J. The plaintiff was the duly elected Solicitor of Madison County Criminal Court, but the defendant, under an appointment by the Judge of said Court, took possession of said office before the term of the plaintiff had expired. The plaintiff thereupon, by and with the permission of the Attorney-General, brought an action of *quo warranto* for the possession of said office, which terminated in his fa-

vor, 125 N. C., 249, in which action it was held that he was the rightful Solicitor of said Court, and the defendant was not, and that the plaintiff was entitled to the office, and the fees and emoluments thereof. Upon the institution of said action of *quo warranto,* the defendant, as he was required to do by act of Assembly, entered into bond in the sum of $200, payable to said McCall, with the defendants Ebbs and Redmon as sureties of Zachary, that he would account for and pay over to the plaintiff all such fees and emoluments as Zachary might recover by virtue of his incumbency of said office; if the plaintiff should succeed in recovering the same. But although the plaintiff succeeded in said action and recovered said office, the defendant Zachary has failed and refused to account and pay over said fees so received by him while he so wrongfully held said office, the plaintiff alleges, to the amount of $500. This action is brought to recover said fees and emoluments so wrongfully received by defendant Zachary while he was so wrongfully in the occupation and possession of the same.

To the plaintiff's complaint, in which he alleges these facts, the defendant demurred, first, for that the Court had no jurisdiction, as it appeared from the complaint that the action was brought on a bond for $200; second, for that the complaint and exhibits show that said bond was given in the action of *quo warranto,* which has been tried and judgment for the plaintiff for the office, but there is no judgment in that action for costs, and the matter is *res judicata;* third, for that several causes of action are improperly united in the same action—one for the amount of fees received by defendant Zachary, and the other for the sum of $200, the amount of the bond to secure the plaintiff against loss on account of Zachary's holding the office and receiving the fees and emoluments thereof.

The first ground of demurrer is not true in fact, and can

not be sustained. The action is not brought on the bond of $200, but to recover the fees the defendant received while he wrongfully held said office, amounting, as plaintiff alleges, to $500. This gave the Court jurisdiction, and the bond of $200 is only an incident to the recovery. It is like that of a bail bond or a prosecution bond, or a bond given by a defendant in an action of ejectment to secure costs and *damages*, and does not affect the jurisdiction. It is true that recoveries on such bonds as those mentioned may be had in the action in which they are given, but that is by statute. The Code, Sec. 543. It is a well recognized rule that when a Court once gets jurisdiction of an action, it retains the jurisdiction, and proceeds to pass upon and determine all matters incident thereto. *Chambers v. Massey,* 42 N. C., 286, cited and approved in *Luten v. Badham,* 127 N. C., 96; 53 L. R. A., 337; 80 Am. St. Rep., 783; *Lutz v. Thompson,* 87 N. C., 334.

If there ever would have been any difficulty in the plaintiff's proceeding as he did in this action, that has been cured by the joinder of the legal and equitable jurisdiction in one Court, and in the same action. Under the present system, we have adopted to a very great extent the equity practice, in which it was always allowed to give separate judgments against different defendants, according to the merits of the case. So there can be no objection to the Court's giving judgment against Zachary for $500, and against the sureties on his bond for $200, which would be discharged by the defendant Zachary paying the whole judgment, or by their paying that amount if Zachary did not. They stood as to the $200 as any other surety in a judgment does.

The second ground of demurrer can not be sustained. The *quo warranto* action was by the State, in the exercise of its high prerogative right, to see that its offices are held and exercised by its rightfully elected officers. To this extent the

State was interested; but as to who received the fees, it, as a State, had no interest; that was a private matter between the parties, which they must settle themselves, according to the general principles of law, if the parties have to resort to the Courts for a settlement. So the matter of fees was not involved in the former action, and could not have been. *McCall v. Webb,* 126 N. C., 760. And as the matter of fees and emoluments were not, and could not have been, recovered in the *quo warranto* action, they could not have been adjudicated, and if they could have been, they were not, and there can be no estoppel. *Glenn v. Ray,* 126 N. C., 730. But they may be collected in an independent action. 1 Enc. Pl. and Pr., 1018.

The defendant's third ground of demurrer—that there are several causes of action improperly united in one action—can not be sustained. This ground has been substantially answered by what we have already said—that there is but one cause of action. The $200 is not the cause of action, but the non-payment of the $500 in fees that the defendant Zachary has wrongfully received, which belonged to the plaintiff. If these fees had been paid, that would have discharged the $200 bond which was given to secure their payment, and is only an incident to the cause of action, and does not affect the jurisdiction of the Court. The Code, Sec. 184, provides for making all persons interested in the event of an action parties, and the sureties were interested in the event of this action, and were properly made parties thereto. If there had been different causes of action (as there were not), they grew out of the same transaction, and might well have been joined in one action. *Young v. Young,* 81 N. C., 91; *Benton v. Collins,* 118 N. C., 196, and cases cited.

There was error in sustaining the demurrer. The plaintiff is entitled to recover the amount of the fees and emoluments received by the defendant Zachary, and $200 of this

amount against Ebbs and Redmon, if his recovery is that much or more against the defendant Zachary.

Error.