McCALL v. WEBB.

(Filed May 11, 1904).

1. GENERAL ASSEMBLY—*Remedies—Trial.*

> The general assembly may abolish remedies and substitute new ones, or even without substituting any, if a reasonable remedy still remains.

2. OFFICERS—*Salaries and Fees—Former Adjudication—Damages— The Code, secs. 613, 616—Acts 1895, ch. 105—Acts 1899, ch. 49.*

> The failure of plaintiff to recover fees and salary in the action adjudging his right to an office is a bar to a new and independent action for fees and salary.

3. QUO WARRANTO—*Officers—Parties—The Code, secs. 341, 616—Acts 1895, ch. 105—Acts 1899, ch. 49.*

> An act allowing the prosecution of an action in the name of the state to assert the right of a citizen to a public office is not for that reason unconstitutional.

MONTGOMERY and DOUGLAS, JJ., dissenting.

ACTION by R. S. McCall against Chas. A. Webb, heard by *Judge W. A. Hoke,* at May Term, 1903, of the Superior Court of BUNCOMBE County.

The General Assembly by an act passed at its session of 1895 established the "Criminal Circuit Court of the counties of Buncombe, Madison, Haywood and Henderson," and the plaintiff was duly elected and qualified as Solicitor of the circuit for the term of four years. In 1897 the act was amended by adding the county of McDowell to the circuit. The Legislature at its session of 1899 repealed both of the said acts and subsequently at the same session established the "Western District Criminal Court," with jurisdiction in the said counties and others named in the act, and provided for the appointment of a Solicitor for each of the counties com-

posing the district.    The defendant was appointed and quali-
fied as Solicitor for the county of Buncombe and was in-
stalled in office.

The plaintiff thereupon brought an action in the nature
of *quo warranto* against the defendant to test the validity
of the act of 1899, which he alleged to be void, and in his
complaint he states that the defendant has usurped and in-
truded into the office of Solicitor of the Western District
Criminal Court for Buncombe County, and is unlawfully
receiving the fees and emoluments thereof.    He demands
judgment that the defendant is not entitled to the office; that
the plaintiff is so entitled; and for costs and for such other
and further relief, etc.    In his answer the defendant denies
the plaintiff's right to the office, and, among other things
not necessary to mention, avers that he is "in possession of
said office lawfully and is lawfully entitled to receive and
retain to his own use the fees and emoluments thereof."
The plaintiff on filing his verified complaint applied to the
Court by motion in writng for an order requiring the defend-
ant to file a bond in the sum of $200, to be void upon con-
dition that the defendant "shall pay to the plaintiff all such
costs and damages, including the damages for loss of such
fees and emoluments as may or ought to have come into his
hands, as the plaintiff may recover in this action"; and he
notified the defendant that "in default of the execution and
filing of such undertaking the plaintiff will move for judg-
ment for the recovery of said office and costs, and for judg-
ment by default and inquiry for damages according to law."
He afterwards moved that the defendant be required to
increase the penalty of the bond to an amount not less than
$400.    Both motions were granted by the Court, and the
defendant was required to give undertakings conditioned as
above set forth in the plaintiff's written motion—one of them
in the sum of $200 being executed by the defendant, with his

co-defendants, Rankin and Featherstone, as sureties, and the other in the sum of $300 by the defendant, with his co-defendant, Rankin, as surety. These undertakings were given in strict accordance with the Acts of 1895 and 1899 hereinafter mentioned.

Upon the coming in of the answer each of the parties moved for judgment upon the pleadings. The Court gave judgment for the plaintiff and therein declared him "to be entitled to the office and to perform the duties and to receive the emoluments thereof," and for costs of action. There is no reference in the judgment to the plaintiff's right to recover of the defendant any of the fees or emoluments of the office received by him, nor did the plaintiff ask for any reference or any inquiry to ascertain or assess his damages. The judgment was simply that he was entitled to the office, and that he recover possession of the same and his costs. To the judgment thus rendered the defendant excepted and appealed to this Court, which on November 21, 1899, affirmed the said judgment. 125 N. C., 243.

At November Term, 1899, of the Superior Court the plaintiff moved that the judgment of the last term in the *quo warranto* case be reformed so as to include an order for an inquiry as to his damages, and that a referee be appointed to take and state an account of the salaries, fees and emoluments received by the defendant. These motions were continued.

Afterwards, at February Term, 1900, the plaintiff moved that the judgment entered at November Term, 1899, be amended by inserting the words: "This cause retained for the purpose of an inquiry as to the damages which the relator may be entitled to recover of the defendant herein," and, second, that the plaintiff's complaint in that action be amended by inserting in it an allegation as to the unlawful and wrongful receipt of the fees and emoluments of the office

McCALL *v.* WEBB.

by the defendant to the amount of $700 and his refusal to account for and pay over the same to the plaintiff, together with a prayer for judgment for $700, the amount of said fees and emoluments and costs. The motions of the plaintiff were denied at February Term, 1900, and final judgment then entered according to the certificate of this Court. The plaintiff excepted and appealed and the judgment was affirmed by this Court. 126 N. C., 760.

The plaintiff thereafter, on November 29, 1899, brought this action against the defendant and his surety on the undertakings given in the former action to recover the fees alleged to have been collected by the defendant as Solicitor, amounting to $657.50, and the defendant pleaded the judgment in the former suit as *res judicata* and a bar to this action.

The matter was heard in the Court below upon a case agreed, the facts of which we have already substantially set forth.

The Court adjudged, upon the facts, that the plaintiff recover of the defendants the sum of $657.50, the full amount of the fees collected by the defendant Webb during his incumbency of the office, with interest and costs, the said judgment to be discharged as to the defendant Featherstone by the payment of $200 and interest to the day of the payment, and as to the defendant Rankin so soon as the payments amounted to $500 and costs then accrued. The defendant excepted to this judgment and appealed.

*Frank Carter* and *V. S. Lusk,* for the plaintiff.
*Julius C. Martin, F. A. Sondley* and *T. H. Cobb,* for the defendant.

WALKER, J., after stating the case. The question in this case is whether the plaintiff should have recovered his damages for the loss of the fees and emoluments of the office in the action in the nature of *quo warranto* in which his right

McCall *v.* Webb.

to the office of Solicitor was established, or whether he can maintain a separate action, such as this one is, and recover his damages therein. If he could only have his damages assessed by reference or inquiry in the first suit, it would seem perfectly clear that the judgment in that suit operates as *res judicata* and is a complete bar to his right of recovery in this case, as he permitted a final judgment to be entered in that action without having his damages assessed. Whether the remedy to have the damages assessed in the first action was exclusive of all other remedies and prevented the bringing of a separate action, as this is, for their recovery, depends upon the construction of our statutes upon the subject, because it cannot be contended with any hope of success that the Legislature did not have the power to provide that the plaintiff's damages should be assessed and recovered in the action brought to try the title to the office.

The right to a particular remedy is not a vested one, and while the Legislature cannot deprive a party of all remedy, the State has complete control over the remedies which it offers to suitors in its courts and may limit the resort to remedies. It may abolish old remedies and substitute new, or, even without substituting any, if a reasonable remedy still remains. Cooley Const. Lim. (7 Ed.), page 515, *et seq.* It was so held in *Parker v. Shannonhouse,* 61 N. C., 209, in regard to the repeal of the statute giving the remedy by *scire facias* (13 Edw. I., chapter 15, Rev. Code, chapter 31, section 109) to revive a dormant judgment, because the plaintiff still had the common law remedy by action upon the judgment. It has been held that laws changing remedies for the enforcement of legal contracts, or abolishing one remedy when two or more existed, may be perfectly valid, even though the new or the remaining remedy be less convenient than that which was abolished, or less prompt and speedy. Cooley, *supra,* 406. So that the power resided in

the Legislature to repeal the remedy by separate action for the recovery of damages from him who has been adjudged to have wrongfully intruded into an office and received the fees and emoluments thereof.

The functions of a court in respect to statutes are, first, to decide upon their constitutionality or validity, and second, to ascertain and declare their meaning.

Having decided as to the extent of the power and authority of the Legislature with respect to remedies, we will next consider what remedy it has given for the recovery of damages such as those claimed in this case.

It was provided by The Code, section 613, that in actions to recover the possession of an office "if judgment be rendered upon the right of the person so alleged to be entitled, in favor of such person, he may recover by action the damages which he shall have sustained by reason of the usurpation of the defendant of the office from which such defendant has been excluded." It was held under this section that compensation in damages for the loss of the fees and emoluments of the office could be recovered from the intruder who had received the same, in an action brought after the rendition of the judgment for money had and received to the relator's use. *Swain v. McRae,* 80 N. C., 111; *Jones v. Jones,* 80 N. C., 127; *Howerton v. Tate,* 70 N. C., 161. Section 616 of The Code, providing for expediting the hearing of cases brought to try the title to offices, was amended by the Act of 1895, chapter 105, section 1, by inserting the following:

"The defendant, before he is permitted to answer or demur to the complaint, shall execute and file in the Superior Court Clerk's office of the county wherein the suit is pending an undertaking, with good and sufficient surety, in the sum of $200, which may be increased from time to time in the discretion of the Judge, to be void upon condition that the

defendant shall pay to the plaintiff all such costs and damages, including damages for the loss of such fees and emoluments as may or ought to come in the hands of the defendant as the plaintiff may recover in the action." And section 1 of chapter 105 of the Act of 1895 was itself amended by the Act of 1899, chapter 49, by adding thereto the following:

"At any time after a duly verified complaint is filed alleging facts sufficient to entitle the plaintiff to the office, whether such complaint is filed at the beginning of the action or later, the plaintiff may, upon ten days' notice to the defendant or his attorney of record, move before the resident Judge or the Judge riding the district, at chambers, to require the defendant to give such undertaking, and it shall be the duty of the Judge to require the defendant to give such undertaking within ten days; and if the undertaking shall not be so given, the Judge shall render judgment in favor of the plaintiff and against the defendant for the recovery of the office and the costs, and judgment by default and inquiry to be executed at term for damages, including loss of fees and salary. Upon the filing of said judgment for the recovery of such office with the Clerk, it shall be the duty of the Clerk to issue and the Sheriff to serve the necessary process to put the plaintiff into possession of the office. In case the defendant shall give the undertaking, the Court, if judgment is rendered for the plaintiff, shall render judgment against the defendant and his sureties for costs and damages, including loss of fees and salary."

It will be observed that by the Act of 1895 the defendant is required to give an undertaking to secure to the plaintiff all costs and damages, including such fees and emoluments as may or ought to come into his hands and which the plaintiff may recover in the action. This language is perfectly clear and explicit, and leaves no room for doubt as to what is meant. If it is not expressed in so many words, it is

plainly implied that the plaintiff must recover his damages
in the pending action for the recovery of his office, for the
essential condition of the undertaking is "that the defendant
shall pay all such costs and damages as the plaintiff may re-
cover in the action," and these damages are secured by the
undertaking, and if they are not paid by the defendant the
sureties become liable for them.   How can a plaintiff recover
damages in an action unless they are assessed in that action.
The expression "such costs and damages as the plaintiff may
recover in *the* action" mean necessarily and *ex vi termini*
that there must be a recovery of them in that action or not
at all.   The damages are to be recovered just as the costs,
for they are associated together and put in the same catagory.

But if there were any uncertainty as to the meaning of
that statute, all doubt would be removed by the Act of 1899,
for it provides that "If the undertaking shall not be so
given, the Judge shall render judgment in favor of the plain-
tiff, and against the defendant for the recovery of the office
and the costs, and judgment by default and inquiry, to be
executed at term for damages, including loss of fees and
salary."   And again: "In case the defendant shall give the
undertaking, the court, if judgment is rendered for the
plaintiff, shall render judgment against the *defendant* and
his sureties for costs and damages, including loss of fees and
salary."   (Italics ours).   A judgment by default and
inquiry is taken always against the defendant and not against
his sureties.   They cannot be said to have defaulted, nor are
the damages assessed against them but against the defend-
ant, and they become liable for the amount so assessed to
the extent of the penalty of their bond.   But the second
branch of the Act of 1899 is still more to the point and
excludes any and all doubt as to what was meant.   It is
therein expressly provided that if the undertaking is given
and the plaintiff recover, judgment shall be rendered against

the *defendant* (and of course his sureties) for costs and damages. This is a positive and unequivocal direction that judgment for any damages sustained by the plaintiff shall be rendered, if at all, in the action brought to try the title to the office.

These amendments in regard to the method of recovering damages in such cases do not provide for a cumulative remedy, but it was intended by them to substitute the remedy by inquiry in the action brought to recover the office for the former remedy by separate action on the undertaking, which was given by section 613 of The Code; and, besides, the amendments are inconsistent with the provisions of section 613, and the latter is therefore repealed by them. The amendments provide not only a sufficient and adequate remedy for the assessment of the plaintiff's damages, but one that is more expeditious and less expensive than a civil action. We do not think there is anything in the peculiar nature of the suit, nor in the fact that it is brought in the name of the State, that renders the mode of procedure prescribed by the amendments incompatible with the object or purpose of the suit. It is now an ordinary civil action prosecuted, it is true, in the name of the State, but in fact for the use and benefit of the relator, who is the real party in interest, or at least one of the real parties in interest, and he can assert all of his rights in the action. So far as the action affects his rights it is private in its nature. There is no constitutional objection to the amendments of 1895 and 1899 upon the ground that the action is prosecuted in the name of the State to assert the right of one of its citizens to a public office.

Having sustained the validity of the Acts of 1895 and 1899, and having shown from the wording of the acts that they require the damages to be assessed in the original action, we will now refer to some of the authorities upon the

latter question. In *Gold Co. v. Ore Co.,* 79 N. C., 48, the Court, construing section 192 of The Code of Civil Procedure (now section 341 of The Code), which required the damages to be ascertained by reference or otherwise, as the Judge shall direct, held that it was not contemplated that a separate action should be brought on the injunction bond, but that the damages should be assessed in the action in which the bond was given. To the same effect is *Crawford v. Pearson,* 116 N. C., 718, in which it is said the fact "that the defendant was sued alone in this action, and not his sureties on the injunction bond with him, makes no difference. The undertaking does not impose any new liability on the defendant but simply provides an additional security, therefore the damage which the plaintiff suffered, if any, should have been assessed in the same manner as if the sureties on the undertaking had been moved against, *i. e.,* in the same action in which the injunction was issued." In *Railroad v. Mining Co.,* 117 N. C., 191, it is held, approving the cases just cited, that when there is a final judgment against the plaintiff in the action, the defendant must "then and there lodge a motion for the assessment of their damages or else lose their remedy." But when there is an appeal, the motion must be entered not at or before the time of the appeal, but when, after the judgment of the appellate court is certified to the lower Court, the latter is about to enter the final judgment and before it is entered, otherwise the right to damages will be lost as in the other case, where there was no appeal.

It is contended that the cases of *McCall v. Webb,* 126 N. C., 760, and *McCall v. Zachary,* 131 N. C., 466, settle the principle that a separate action for the damages in cases like this may be brought and that it is the only proper remedy. We have read and carefully considered those cases, and, so far as they do so decide, we do not think that they

can be sustained. It is manifest that the Court overlooked the Acts of 1895 and 1899, which perhaps were not called to its attention. No reference to them is made by the Court, and in the discussion of the cases the argument of the Court proceeded altogether upon the idea that the action in the nature of *quo warranto* is of a public nature, which we think is erroneous. If such an action is instituted by the State alone, or by the State on the relation of a citizen, to inquire into the right of another to hold a public office, the action might be said to be of a public nature, but not so where one citizen sues another for the recovery of an office, although he uses the name of the State for the purpose. The distinction is clearly drawn in High on Ext. Leg. Rem.. sections 629, 631 and 682, .and is also recognized in The Code, sections 607, 608, 609, 610 and 613. But the suggestion is sufficiently answered by the fact that the Acts of 1895 and 1899 have distinctly provided that the damages shall be assessed in the original action, and it was clearly within the power of the Legislature so to provide.

In *McCall v. Webb,* 126 N. C., 760, it was held that the plaintiff's motions to amend the judgment and to amend the complaint were properly refused because, as they were made after the certificate of this Court had been sent to the Court below, that Court could not change or modify the judgment of this Court, and *Pearson v. Carr,* 97 N. C., 194, and several other cases, were cited in support of the ruling. The principle stated is undoubtedly a correct one, but we do not think it had any application to that case. Those cases apply only when the action of the Court below would introduce a new cause of action or new facts and thereby unsettle the decision and final judgment of the Court, and not to cases in which an order is made for the purpose only of carrying the judgment into effect. If *Judge McNeill* had granted the motions, he would not have changed or modified in the least

McCALL *v.* WEBB.

the former decision of the Superior Court or the decision of this Court. The judgment declaring McCall to be entitled to the office of Solicitor would have remained unimpaired. Perhaps the proper course to pursue is to move for an inquiry at the time the judgment is first entered, and then, if there is an appeal and the judgment is affirmed, the inquiry can be executed when the case goes back to the Superior Court, but if it is reversed, the order for an inquiry, being a part of the judgment, will be set aside with it. We do not mean by this to say that the motion for an inquiry cannot be made after the judgment of this Court is certified to the Superior Court. It may be that either course is open to the plaintiff. The ruling in *McCall v. Webb,* 126 N. C., 760, seems to be inconsistent with the decision in *Railroad v. Mining Co.,* 117 N. C., 191, which we have already cited and commented upon. In view of the plain and explicit provision of the statute as contained in the Acts of 1895 and 1899, we are unable to follow *McCall v. Webb,* 126 N. C., 760, and *McCall v. Zachary,* 131 N. C., 466, upon the question involved in this action. If the plaintiff was erroneously denied relief in *McCall v. Webb, supra,* he should have filed a petition to rehear, and if the decision was right he loses because he made his motions in the cause too late. In either case the judgment of the Superior Court in that action, which was affirmed by this Court, is a final determination of all matters which the law required to be litigated in it. The judgment is conclusive not as to all matters which might have been brought into it for litigation, but as to those which the law contemplates as actually involved in the case and presented for decision, and the cases must be thus understood. *Glenn v. Wray,* 126 N. C., 730; *Williams v. Clouse,* 91 N. C., 327; *Wagon Co. v. Byrd,* 119 N. C., 460. The plaintiff is concluded by the judgment in the original action of *McCall v. Webb* as to all claim for damages, including

McCall *v.* Webb.

the loss of fees and emoluments, upon the presumption of the law that they have either been waived by his not insisting on their recovery or that his right thereto has been adjudicated against. In no view of the matter can this action be maintained, as a party cannot resort to a new and independent action when relief can be had by proceeding in the original cause. Clark's Code (3 Ed.), page 855, where the numerous cases are collected. This is especially so when the law prescribes what the remedy shall be and how it shall be enforced.

It must be certified to the Superior Court that there is error in its judgment, which must be set aside, and judgment entered upon the agreed statement of facts dismissing the action.

Reversed.

Montgomery, J., dissenting. The plaintiff in this action brought a civil action in the nature of *quo warranto* against this defendant to recover the possession of the office of Solicitor in the Criminal Court of Buncombe County, and at August Term, 1899, of the Superior Court of that county recovered a judgment upon the complaint and answer. The defendant appealed to this Court and the judgment was affirmed. At the term of the Superior Court, when the certificate of the opinion and judgment of this Court was received, the plaintiff made two motions, the first for a reference to have ascertained the amount of fees and emoluments the defendant had received while he was wrongfully in possession of the office; and, second, for an amendment to his complaint to embrace a claim for such fees and emoluments. The motions were overruled, and upon appeal by the plaintiff to this Court it was decided that there was no error in the ruling. In the meantime, on November 25, 1899, the plaintiff had commenced the present action in the Superior Court of Buncombe County against the same defendant

(Webb) and the other defendants, J. E. Rankin and A. A. Featherstone, for the recovery of $657.57, which it is admitted was the amount of fees which the defendant had collected while in possession of the office of Solicitor of the Criminal Court of Buncombe County.

The defendants in their answer set up as a defense to the action of the plaintiff the plea of *res judicata.* They contend that by law the matters of complaint in the present action should have been heard and decided in the original *quo warranto* proceeding, and the plaintiff not having claimed the fees and emoluments of the office in that complaint in that suit, nor made a motion to have the fees and emoluments ascertained in that action, is precluded from making such demand against the defendants in a separate action. This question then is presented: Is the plaintiff in a *quo warranto* action for the recovery of an office compelled to have the damages, in the way of fees received by the intruder, assessed and ascertained in the same action? Or may he recover the office in the *quo warranto* proceeding and bring an action for the fees and emoluments in a separate action, if he sees fit to take that course? The answer to the question depends upon the construction of certain recent statutory law.

By the terms of section 616 of The Code, actions to try the right or title to any public office are required to be tried at the return term of the summons if the complaint shall have been filed and copy served with the summons ten days before the return day thereof, and the Judges are to expedite the trial of such actions and give them precedence over all other actions, criminal or civil. The Act of 1895, chapter 105, amended section 616 of The Code by adding these words: "The defendant, before he is permitted to answer or demur to the complaint, shall execute and file in the Superior Court Clerk's office of the county wherein the suit is

pending, an undertaking with good and sufficient surety in the sum of $200, which may be increased from time to time in the discretion of the Judge, to be void upon condition that the defendant shall pay to the plaintiff all such costs and damages, including damages for the loss of such fees and emoluments as may or ought to have come into the hands of the defendant, as the plaintiff *may recover in the action.*" (Italics ours). The General Assembly at its session of 1899 amended the above-mentioned act by adding to section 1 the following: "At any time after a duly certified complaint is filed alleging facts sufficient to entitle the plaintiff to the office, whether such complaint is filed at the beginning of the action or later, the plaintiff may, upon ten days' notice to the defendant or his attorney of record, move before the resident Judge or the Judge riding the district, at chambers, to require the defendant to give said undertaking; and it shall be the duty of the Judge to require the defendant to give such undertaking within ten days, and if the undertaking shall not be so given, the Judge shall render judgment in favor of the plaintiff and against the defendant for the recovery of the office and the costs, and judgment by default and inquiry, to be executed at term for damages, including loss of fees and salary. Upon the filing of said judgment for the recovery of such office with the Clerk, it shall be the duty of the Clerk to issue and the Sheriff to serve the necessary process to put the plaintiff into possession of the office. In case the defendant shall give the undertaking, the Court, if judgment is rendered for the plaintiff, shall render judgment against the defendant and his sureties for costs and damages, including loss of fees and salary."

The plaintiff in this action, after he had duly verified his complaint, twice moved before the Judge of the district to have bonds according to the statutes executed by the defendant to secure the fees and emoluments of the office. The

bonds were ordered, and one of them was executed by J. E. Rankin and A. A. Featherstone, defendants in this action, as sureties in the penalty of $200, and the other by Rankin as surety for $300. The condition in each of these bonds is that the bond shall be void if the makers shall pay to the plaintiff all such costs and damages, etc., as the plaintiff may recover of the defendant *in this action.* (Italics ours). These bonds were drawn in exact conformity to the statutes to which we have referred, and according to the language, its clear intent and meaning, and the meaning of the statutes themselves, no damages can be recovered on the bonds in the present action. The undertaking was that the makers should be liable on the bond only for such damages as might be recovered by the plaintiff *in the action in which the bonds were given.* The plaintiff did not see fit in that action to claim his damages and have them assessed, but of his own motion recovered a judgment upon the pleadings for the office simply. He must have known that, so far as the bonds were concerned, if he wanted damages he was required to recover them in that action.

I, however, think that the judgment below against the defendant Webb ought to be affirmed. I am satisfied that the extraordinary benefits and remedies furnished by the statutes referred to, to the plaintiff to secure to him the benefits of a recovery, were intended also to afford the sureties on the bond the advantage of having that part of the action which referred to the damages which the plaintiff was entitled to recover, settled speedily and in the same action. It was for the benefit of the sureties, and not for that of the intruder, that the statute required that damages should be assessed in the *quo warranto proceeding.*

In *quo warranto* proceedings, so far as the question of damages is concerned, against the intruding defendant, section 613 of The Code still applies. Its language is as fol-

lows: "If judgment be·rendered upon the right of the person so alleged to be entitled, in favor of such person, he may recover by action the damages which he shall sustain by reason of the usurpation by the defendant of the office from which such defendant has been excluded." That section of The Code does not require that a plaintiff in *quo warranto,* in his claim for damages, shall be compelled to recover them in that action. *Tate v. Howerton,* 70 N. C., 161. In that case·it was decided also that an intruder who may perform the duties of the office and receive the fees arising therefrom cannot retain any part of the fees as a compensation for his labor. This case of course overrules that of *McCall v. Zachary* (a unanimous opinion of the Court), 131 N. C., 466, so far as they are in conflict. The statutes I have referred to in this case were not so critically examined by me in that case as they have been examined in this; and the argument for the defendant, too, before this Court in the present case was more elaborate and thorough than it was in that case.

Modified and Affirmed.

Douglas, J., concurs in dissenting opinion.